UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LIVINGSTON DIVISION

| | |
|---|---|
| **JUSTIN ABBOTT** | CIVIL ACTION NO. _____ |
| **VERSUS** | |
| **TOWN OF LIVINGSTON, LIVINGSTON PARISH SHERIFF'S OFFICE, SHERIFF JASON ARD, LIVINGSTON PARISH DETENTION CENTER, AND OFFICER BRIAN REEVES** | JUDGE _____ |
| | MAGISTRATE _____ |

_____

# COMPLAINT

The complaint of **JUSTIN ABBOTT** "hereinafter sometimes referred to as Petitioner/Plaintiff", a person of full age and majority and domiciled in the parish of Livingston, State of Louisiana, with respect represents:

1.

This action arises under Title 42, USC Sections 1983 and 1988. This court has jurisdiction over the action under Title 28, USC Sections 1343. Venue is proper in this Judicial District pursuant to Title 28 USC Section 1391.

1

2.

Made Defendants herein are:

A. **TOWN OF LIVINGSTON,** a political subdivision, Municipal Corporation and/or political entity with the capacity to sue and be sued. TOWN OF LIVINGSTON was the employer of Sheriff Jason Ard and Officer Brian Reeves. "Hereinafter referred to as TOWN".

B. **LIVINGSTON PARISH SHERIFF'S OFFICE,** a political subdivision, Municipal Corporation and/or political entity. LIVINGSTON PARISH SHERIFF'S OFFICE was the employer of Sheriff Jason Ard and Officer Brian Reeves. "Hereinafter referred to as Livingston";

C. **SHERIFF JASON ARD, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF OF LIVINGSTON PARISH,** a person of the full age of majority who was at all times material hereto Sheriff of LIVINGSTON PARISH, State of Louisiana, and was the employer and/ or commanding officer of Defendants, Officer Brian Reeves and was responsible for the hiring, retention, training, and their supervision, and for the implementation of the LIVINGSTON PARISH Sheriff's OFFICE's customs, policies and procedures; Sheriff Ard is sued in both his individual and official capacities. "Hereinafter referred to as "SHERIFF";

D. **LIVINGSTON PARISH DETENTION CENTER,** a political subdivision, Municipal Corporation and/or political entity with the capacity to sue and be sued. Plaintiff was incarcerated in the LIVINGSTON PARISH DETENTION CENTER during all material times herein. "Hereinafter referred to as LPDC".

2

E. **OFFICER BRIAN REEVES** "hereinafter referred to as OFFICER", the arresting officer, person of full age of majority who was at all times material hereto employed as a law enforcement officer by LIVINGSTON PARISH SHERIFF'S OFFICE, and acting in the course and scope of his employment. Officer is sued individually and in his official capacity as a police officer in the employment of LIVINGSTON PARISH SHERIFF'S OFFICE.

3.

At all times applicable hereto, **SHERIFF ARD** and Defendant, Officer, were duly appointed and employed in their official capacity with **LIVINGSTON** and all actions taken by them were in the course and scope of their employment with **LIVINGSTON**.

4.

On or about September 30, 2015, Officer Brian Reeves arrived at the home of Justin Abbott.

5.

Although Justin Abbot had a clear bite wound on his leg indicating that Justin Abbott was attacked, Officer Brian Reeves acted in reckless deprivation of Justin Abbott's constitutional rights by arresting Justin Abbott without any probable cause.

6.

Officer Brian Reeves was aware that Justin Abbott had an obvious bite mark on his leg, yet acted in reckless deprivation of Justin Abbott's constitutional rights by failing to allow Justin Abbott to receive appropriate medical assistance.

7.

In the process of "taking" Justin Abbott, Officer Brian Reeves violated his First, Fourth and Fourteenth Amendment Rights and without probable cause, illegally and unlawfully seized and detained petitioner.

8.

Officer Brian Reeves further violated Justin Abbott's constitutional rights by not only falsely arresting him, but refusing to allow Justin Abbott to receive timely medical assistance prior to being falsely imprisoned in LPDC.

9.

Justin Abbott was not involved in any criminal activity on the night in question, was actually the victim of an attack, and did not pose a danger to himself or other members of the public when he was falsely arrested and denied medical treatment by Officer Brian Reeves.

10.

On the same night, Officer Brian Reeves brought Justin Abbott to LPDC.

11.

Upon entering LPDC, Justin Abbott informed staff at LPDC that he was in dire need of medical attention due to a bite wound on his leg.

12.

In reckless deprivation of Justin Abbott's clearly established constitutional rights, LPDC denied Justin Abbott's medical request.

13.

During intake, a staff member of LPDC utilized a cellular device to capture an image of Justin Abbott's bite wound. However, this image was purportedly deleted because the image was allegedly blurry.

14.

From September 30, 2015 to October 6, 2015, Justin Abbott informed staff that he needed immediate medical attention from a doctor, but Justin Abbott's requests were denied.

15.

From September 30, 2015 to October 6, 2015, Justin Abbott's bite wound developed a serious infection, however, each time Justin Abbott requested medical attention from a doctor, staff members of LPDC denied his requests.

16.

Members of Justin Abbott's family contacted LPDC and informed staff that Justin Abbott needed immediate medical attention due to the infection that resulted in his leg, but even these requests of Justin Abbott's family members were ignored.

17.

LPDC acted in reckless deprivation of Justin Abbott's constitutional rights because LPDC refused to render timely medical treatment to Justin Abbott, therefore allowing a bite wound to develop such a serious infection.

18.

As a result of LPDC's failure to provide timely and/or adequate medical treatment to Justin Abbott, Justin Abbot suffered and continues to suffer from serious physical and emotional injuries.

19.

As a result of Officer Brian Reeves' negligent and reckless action of falsely arresting and falsely imprisoning Justin Abbott, Justin Abbott suffered and continues to suffer from serious emotional injuries.

20.

But for Officer Brian Reeves' negligent and reckless actions as fully described above, Justin Abbott would not have developed a serious infection within the bite wound.

21.

Plaintiff, Justin Abbott is still in a state of confusion and disbelief as to why he became the victim of false imprisonment and false arrest brought upon by an officer of the LIVINGSTON PARISH SHERIFF'S OFFICE.

22.

Plaintiff, Justin Abbott is still in a state of confusion and disbelief as to why he became the victim of untimely and inadequate medical attention brought upon by staff members of LPDC.

23.

Thereafter, Defendants, in violation of the First, Fourth, and Fourteenth Amendment to the Constitution of the United States, without probable cause illegally and unlawfully, arrested, imprisoned and detained petitioner.

**CAUSE OF ACTION – CIVIL RIGHTS VIOLATIONS**

24.

The acts of Officer on September 30, 2015, are a part of the practices, policies, customs and usages of the Town of Livingston, namely Livingston Parish Sheriff's Office, its management and administrative officials were aware of several prior instances of police officers in its employ illegally and unlawfully violating the constitutional rights of its citizens, yet did nothing, to investigate these incidences to determine the causes of these violations and take the necessary steps to preclude their recurrence.

25.

As a direct consequence of these actions by Defendants, Petitioner was deprived of his liberty for a substantial period of time, suffered and continues to suffer mental pain and anguish, acute mental distress, embarrassment, humiliation, permanent emotional scarring and continues to suffer economic losses as a result of the incident which was in public view and which received notoriety.

26.

The acts and/or failure to act of LPDC from September 30, 2015 to October 6, 2015, are a part of the practices, policies, customs and usages of the Town of Livingston, namely LPDC, its management and administrative officials were aware of several prior instances of staff members in its employ illegally and unlawfully violating the constitutional rights of its citizens, yet did nothing, to investigate these incidences to determine the causes of these violations and take the necessary steps to preclude their recurrence.

27.

As a direct consequence of these actions by Defendants, Petitioner suffered and continues to suffer physical and mental pain and anguish, acute mental distress, embarrassment, humiliation, permanent scarring and continues to suffer economic losses as a result of this incident.

28.

The Constitutional rights of Justin Abbott that were deprived were clearly established and well known to a reasonable person. The unreasonably excessive actions of Officer Brian Reeves was objectively unreasonable. LPDC's reckless deprivation and failing to provide adequate medical attention to Plaintiff similarly consists of a violation of Justin Abbott's constructional rights. The above violations and torts were committed as a result of the policies, customs, and procedures of Livingston Parish Sheriff's Office and Sheriff Jason Ard, and upon information and belief it was the policy, custom, and practice of the Defendants, Livingston Parish Sheriff's Office, Sheriff Jason Ard, and

Livingston Parish Detention Center, to inadequately and improperly train and supervise their employees regarding:

    A. Proper police procedure;

    B. Proper force continuum;

    C. Constitutional protections and safeguards of individuals;

    D. Proper procedures for when to use excessive force under the above – described circumstances;

    E. Proper training techniques for the moving of an individual from one place to another by an officer;

    F. Proper training techniques of controlled force usages and implementation; and

    G. Proper rendering of adequate medical care within a correctional facility.

29.

Further, upon information and belief, the inadequate training and supervision was known by all Defendants previous to the actions taken by Officer Brian Reeves against the Petitioner.

30.

The Defendants subjected the plaintiff to these deprivations of his rights, either intentionally or maliciously, or by acting within a reckless disregard for whether Justin Abbott's rights would be violated by their actions. Further, the individual Defendants had no reasonable basis for believing their conduct was lawful and as such are not entitled to qualified immunity.

31.

Upon information and belief, there were no threats of violence by Petitioner, no alleged weapons at the scene utilized by Petitioner, and no officer safety threats presented by Petitioner to support any use of physical restraints or to establish sufficient probable cause to arrest.

32.

The above described conduct constitutes one or more violations of 42 USC 1983, *et seq*.

## CAUSE OF ACTION- STATE LAW CLAIMS

33.

The false arrest and false imprisonment of Justin Abbott by members of the Livingston Parish Sheriff's Office and Sheriff Jason Ard was committed through gross acts and wanton negligence of Officer as follows:

A. Unlawfully detaining, seizing, and arresting Justin Abbott without probable cause and despite his compliance;

B. Falsely imprisoning Justin Abbott;

C. Failing to allow Justin Abbott to receive medical attention prior to being brought to LPDC;

D. Failing to do what they should have done and see what they should have seen to avoid the injuries to Justin Abbott.

34.

The failure to render timely and/or adequate medical care to Justin Abbott by members of the Livingston Parish Detention Center as follows:

A. Failing to render medical services to Justin Abbott;

B. Failing to render timely medical services to Justin Abbott;

C. Failing to preserve any and all medical records associated with Justin Abbott's medical history while incarcerated at LPDC;

D. Failing to ensure that Justin Abbott's wound would not develop a serious infection;

E. Failing to adhere to the many warnings involving Justin Abbott's condition; and

F. Failing to do what they should have done and see what they should have seen to avoid the injuries to Justin Abbott.

35.

As the employer of the police officers, Livingston Parish Sheriff's Office and Sheriff Jason Ard are responsible under the legal doctrine of *Respondeat superior* for all the damages and injuries occasioned herein by the negligence of the officers who at all times material hereto operating within the course and scope of their employment with Livingston Parish Sheriff's Office.

36.

As the employer of the staff, Livingston Parish Detention Center is responsible under the legal doctrine of *Respondeat superior* for all the damages and injuries occasioned herein by the negligence of the staff members who at all times material hereto operating within the course and scope of their employment with Livingston Parish Detention Center.

37.

Livingston Parish Detention Center and Livingston Parish Sheriff's Office are liable independently for their negligence in failing to properly train and supervise its staff members and officers, respectively.

38.

The supplemental jurisdiction of this court is hereby invoked pursuant to Section 1367 of Title 28 USC to assert the following causes of action. Petition incorporates all of the allegations of the previous articles as copied herein extensor. The allegations herein including false arrest, false imprisonment, failure to provide medical attention, negligent and intentional infliction of emotional distress, cruel treatment, and malicious prosecution constitute violations of Petitioner's rights actionable under the laws of the State of Louisiana and were the proximate and legal causes of the injuries done to Petitioner, entitling him to damages as are just in the premises.

## DAMAGES AND HARM – ALL COUNTS AND CAUSES OF ACTION

39.

The above conduct of the Defendants was the cause (direct and proximate) of the harm and permanent injury to Justin Abbott and the resulting damages as described subsequently.

40.

As a result of the above-described incident, Justin Abbott has developed MRSA, a serious infection, in his leg where the bite wound occurred.

41.

Justin Abbott was hospitalized for over seven (7) days upon his release from prison to treat the serious infection.

42.

Justin Abbott's infection is so gruesome that an enormous hole is left in his leg due to not receiving timely and adequate medical attention while being incarcerated at LPDC.

43.

As a result of the above described incidents, Justin Abbott, has suffered and will continue to suffer great physical and mental pain and suffering, has suffered a past and future loss of earnings and earning capacity, has incurred and will continue to incur medical bills and has suffered a loss of enjoyment of life.

44.

Petitioner, Justin Abbott, respectfully represents that he is entitled to the following amounts from Defendants who are liable (*insolido* or otherwise) as a result of the acts and misconducts alleged previously for:

A. Compensatory damages against Defendants, and each of them, insolido, in the amount to be determined at the trial

B. Treble, exemplary and/or punitive damage against Defendants, in an amount to be determined at the trial;

C. The cost of this action, including attorney fees; and

D. Such other and further relief as this Court may deem appropriate.

45.

Petitioner, Justin Abbott, requests a trial by jury on all matters so triable.

**WHEREFORE**, Petitioner, Justin Abbott, prays that the defendants be served, in accordance with the law, with a certified copy of this petition and duly cited to answer same and that after legal delays and due proceedings are had, that there be judgment in favor of Justin Abbott, against the Defendants, Town of Livingston, Livingston Parish Sheriff's Office, Livingston Parish Detention Center, Sheriff Jason Ard, and Officer Brian Reeves jointly, several, and insolido for all sums that are due as allowed by law, including all court costs and expert fees, including legal interest thereon, until paid and

for such other and further legal and equitable relief as the Court may deem necessary, proper, and reasonable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

                    **Respectfully submitted:**

                    **By: /s/ Harold D. Register, III_____**
                    **HAROLD D. REGISTER, III #35290**
                    **216 Rue Louis XIV**
                    **Lafayette, LA  70598-0214**
                    **Telephone: (337) 981-6644**
                    **Facsimile: (337) 981-6692**

**PLEASE SERVE:**

**LIVINGSTON PARISH SHERIFF'S OFFICE**
**Through Its Agent for Service of Process**
**Sheriff Jason Ard**
20300 Government Blvd.
Livingston, La. 70754

**SHERIFF JASON ARD**
20300 Government Blvd.
Livingston, La. 70754

**OFFICER BRIAN REEVES (Arresting Officer)**
20300 Government Blvd.
Livingston, La. 70754

**TOWN OF LIVINGSTON**
**Through Its Parish President**
**Layton Ricks**
20399 Government Blvd.
Livingston, La. 70754

**LIVINGSTON PARISH DETENTION CENTER**
**Through Its Agent For Service of Process**
**Warden Jim Brown**
28445 Charlie Watts Rd.
Livingston, Al. 70754