**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JUSTIN ABBOTT** **CIVIL ACTION**

**VERSUS**

**TOWN OF LIVINGSTON, ET AL.** **NO.: 16-00188-BAJ-EWD**

**RULING AND ORDER**

Before the Court are motions to dismiss filed by the Parish of Livingston and the Town of Livingston Parish pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Docs. 14, 21). Justin Abbot ("Plaintiff") and the Sheriff of Livingston Parish, Jason Ard ("Sheriff Ard"), oppose the motions to dismiss, (Docs. 25—26, 29), and the Parish of Livingston has filed a reply, (Doc. 31). For the following reasons, the motions to dismiss are **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

This matter arises from the arrest and subsequent detention of Plaintiff on September 30, 2015. (Doc. 1 at ¶¶ 4—12). Plaintiff alleges that he was unlawfully arrested without probable cause by Officer Brian Reeves ("Officer Reeves") of the Livingston Parish Sheriff's Office. (*Id*. at ¶¶ 7—8). At the time of his arrest, Plaintiff alleges that Officer Reeves was aware that he had a bite mark on his leg. (*Id*. at ¶ 6).

After his arrest, Plaintiff alleges that Officer Reeves transported him to the Livingston Parish Detention Center ("LPDC"). (*Id*. at ¶ 10). Plaintiff alleges that Officer Reeves acted unlawfully by refusing to allow him to receive medical assistance for his bite wound prior to transporting him to the LPDC. (*Id*. at ¶ 8). Once he arrived

at the LPDC, Plaintiff asserts that he informed the LPDC's staff that he "was in dire need of medical attention due to a bite wound on his leg." (*Id*. at ¶ 11). Plaintiff further claims that the LPDC's staff denied multiple requests for medical treatment during his period of confinement, which lasted from September 30, 2015 through October 6, 2015. (*Id*. at ¶¶ 11—12, 14—16).

As a consequence of his inability to receive timely medical treatment, Plaintiff alleges that his bite wound developed into a severe infection. (*Id*. at ¶¶ 15—17). Ultimately, Plaintiff claims that he developed a methicillin-resistant staphylococcus aureus ("MRSA") infection in his leg at the site of his bite wound, which left "an enormous hole in his left leg." (*Id*. at ¶¶ 40, 42). Plaintiff alleges that he was hospitalized for "over seven days" upon his release from prison to treat this infection. (*Id*. at ¶ 41).

On March 21, 2016, Plaintiff filed this lawsuit against the Town of Livingston, the Livingston Parish Sheriff's Office, Sheriff Ard in both his official and individual capacity, the LPDC, and Officer Reeves in both his official and individual capacity. (Doc. 1 at ¶¶ 2A—2E). Plaintiff asserts state law claims and claims for constitutional violations brought pursuant to 42 U.S.C. § 1983 ("Section 1983").

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion, a district court generally "must limit itself to the

contents of the pleadings, including attachments thereto." *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*Twombly*, 550 U.S. at 556).

Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

The Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quotation marks and citations omitted). However, "[f]ederal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, ___, 135 S. Ct. 346, 346 (2014) (per curiam).

## III. ARGUMENT

As a preliminary matter, the Parish of Livingston ("the Parish") asserts that Plaintiff incorrectly refers to it as "the Town of Livingston" in his complaint.[1] (Doc. 14 at p. 1). The Town of Livingston ("the Town") states that "[t]he Parish of Livingston has answered the suit asserting that plaintiff incorrectly named the Town of Livingston. However, since the Town was served with the suit, out of an abundance of caution, the Town is filing its Motion to Dismiss which states the same grounds asserted by the Parish." (Doc. 21 at p. 1 n.1). The motions to dismiss filed by the Town and the Parish (collectively, "municipal defendants") are duplicative. Rather than address this issue, Plaintiff filed identical responses to the pending motions. (Docs. 25, 29). For the purposes of this Ruling and Order, the Court addresses the municipal defendants' motions jointly.

Plaintiff's claims against the municipal defendants arise out of (1) allegations related to the actions of Officer Reeves, and (2) allegations related to his denial of

[1] The Parish states, in pertinent part: "[a]t Paragraph 2A of his complaint (Doc. 1), plaintiff alleges that mover (incorrectly referred to as 'Town of Livingston' in said complaint) was the employer of Sheriff Jason Ard and Deputy Reeves." (*Id.*). The Court notes that a summons was returned that identified the "TOWN OF LIVINGSTON Through Its Parish President Layton Ricks" as the named defendant. (Doc. 18 at p. 1). The summons was served on an individual designated to accept service on behalf of Layton Ricks. (*Id.* at p. 2).

medical treatment while detained at the LPDC ("medical claims"). (Doc. 1 at ¶¶ 24—32). The municipal defendants argue that they have no authority to control deputies of the Livingston Parish Sheriff's Office. (Docs. 14, 21 at ¶ 2). The municipal defendants therefore argue that Plaintiff has not stated a claim against them based upon the actions of Officer Reeves. (*Id.*). The municipal defendants also argue that Sheriff Ard alone has authority over operations of the LPDC and its staff, and liability for actions taken there cannot by law be imputed to the Parish government. (Docs. 14-1, 21-1 at pp. 2—3).

Plaintiff and Sheriff Ard contest the municipal defendants' representation that they have no authority to control medical care provided at the LPDC. (Doc. 25 at p. 2; Doc. 26 at p. 2; Doc. 25 at pp. 2—3). Sheriff Ard directs the Court's attention to La.R.S. 15:703(A)—(B) and asserts that the municipal defendants have undertaken the responsibility to staff the medical department at the LPDC and to provide medical care to its inmates, detainees, and arrestees. (Doc. 25 at p. 3).

## IV. DISCUSSION

### A. State Law

The Louisiana Supreme Court has held that "the sheriff is the appropriate governmental entity on which to place responsibility for the torts of a deputy." *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669, 671 (La. 1981). This holding rests upon the court's recognition that under Louisiana law—regardless of the source of funding a sheriff receives to run his office—it is the sheriff of a parish that "hires and fires deputies, exercises direct and indirect supervision and control

over them, fixes their time and place of work, and generally allocates their responsibility and assigns their duties." *Id.* As a consequence of this division of responsibilities, "the sheriff, not the parish, is vicariously liable under La.Civ.C. art. 2320 for a tort committed by a deputy sheriff." *Nall v. Par. of Iberville*, 542 So.2d 145, 149 (La.App. 1 Cir. 1989).

Furthermore, the parish governing authority "is responsible for the expenses of feeding, clothing, and providing medical treatment to the prisoners while the sheriff has the duty of operating the jail and seeing to it that the prisoners are properly cared for, fed and clothed." *O'Quinn v. Manuel*, 773 F.2d 605, 609 (5th Cir. 1985) (quoting *Amiss v. Dumas*, 411 So.2d 1137, 1141 (La. Ct. App. 1982)). Pursuant to La.R.S. 15:703(A), "[t]he governing authority of each parish shall appoint annually a physician who shall attend to the prisoners who are confined in parish jails whenever they are sick." Alternatively, "the governing authority of any parish may enter into a contract with a health care provider . . . to provide requisite healthcare services, as required in this Section." La.R.S. 15:703(B). If a parish governing authority satisfies either requirement, it "shall not be liable for any action arising as a result of the actions or inactions of the physician or health care provider . . . by a prisoner . . . to recover any damages or any other losses . . . unless the governing authority exercises gross negligence or willful misconduct in the performance of its duties and obligations imposed by this Section, and such gross negligence or willful misconduct was a substantial factor in causing the injury." La.R.S. 15:703(D).

**B. Section 1983**

"A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, "[a] local government entity may be sued 'if it is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)) (quotation marks omitted).

Plaintiffs must establish three elements to succeed in a Section 1983 claim against a governmental entity: "a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001) (quotation marks omitted). Because Section 1983 claims against a government entity require it to be a policy maker, "[l]ocal governments can never be liable under section 1983 for the acts of those whom the local government has no authority to control." *Jones v. St. Tammany Par. Jail*, 4 F.Supp.2d 606, 613 (E.D. La. 1998) (citing *McMillian v. Johnson*, 88 F.3d 1573, 1577 (11th Cir. 1996), *cert. denied*, 520 U.S. 781 (1997)).

*i. Conduct of Officer Reeves*

Plaintiff and Sheriff Ard do not dispute that the municipal defendants lack authority to control Officer Reeves. (*See* Docs. 25—26, 29). The statutorily established division of responsibilities between the municipal defendants and Sheriff Ard makes

it clear that there is no basis in law or fact to impute liability on to the municipal defendants for the actions of Officer Reeves. *See Jones,* 4 F.Supp.2d at 613; *see Gibson v. Gusman*, No. 14-2273, 2015 WL 5060854, at *3 (E.D. La. Aug. 18, 2015). Accordingly, the municipal defendants' motions to dismiss are **GRANTED** with respect to all claims against them arising from the conduct of Officer Reeves.

*ii. Denial of Medical Treatment at the LPDC*

The municipal defendants' sole argument regarding Plaintiff's medical claims is premised on their assertion that they have no legal authority to manage the LPDC. While it is clear that the municipal defendants lack the authority to control operations of the LPDC, including how prisoners obtain medical care, it does not follow that they can never be held liable in suits brought by LPDC prisoners alleging inadequate medical treatment. *See* La.R.S. 15:703; *see Thompson v. Ackal,* No. 15-02288, 2016 WL 1371192, at **3—6 (W.D. La. Feb. 2, 2016), *report and recommendation adopted*, No. 15-02288, 2016 WL 1370597 (W.D. La. Apr. 5, 2016); *see Serigny v. Lafourche Par. Gov't ex rel. Charlotte Randolph Par. President*, No. 10-3205, 2012 WL 3548029, at *3 (E.D. La. Aug. 16, 2012), *aff'd sub nom. Serigny v. Lafourche Par. Gov't ex rel. Randolph*, 547 F. App'x 582 (5th Cir. 2013). Put differently, the municipal defendants have not demonstrated that they are entitled to dismissal of Plaintiff's medical claims under the narrow ground they have advanced, and they do not otherwise attack the sufficiency of the factual allegations set forth in Plaintiff's

complaint.[2] The Court makes no finding on the sufficiency of Plaintiff's complaint in light of La.R.S. 15:703 and the jurisprudence referenced *infra*. Accordingly, the municipal defendants' motions to dismiss Plaintiff's medical claims are **DENIED**.

## V. OBSERVATIONS

First, under Rule 17(b), the capacity to sue or be sued must be determined by the law of the state in which the district court is held. It is well settled under Louisiana law that a sheriff's department or office, or the parish prison, is not a separate legal entity capable of being sued. *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665, 668 (La. 1997). Rather, a parish sheriff, whether in his individual or official capacity, is the proper party defendant. *Id.*; *see also Cozzo v. Tangipahoa Parish Council President Government*, 279 F.3d 273, 283 (5th Cir. 2002). Although Plaintiff has incorrectly named as a defendant the Livingston Parish Sheriff's Office and the LPDC, no motion is before the Court on this issue.

Second, "[m]ost Section 1983 complaints regarding denial of medical care . . . name as a defendant a specific policeman, deputy, or other individual who is alleged to have committed a constitutional violation. That is largely because the doctrine of *respondeat superior* does not apply to make a municipality . . . liable based merely on the acts of its employees." *Evans v. City of Homer*, No. 07-0383, 2007 WL 2710792, at *2 (W.D. La. Sept. 12, 2007) (citing *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). Plaintiff has alleged that Officer Reeves denied him medical

---

[2] The municipal defendants' memoranda are comprised almost entirely of block quotations, including a block quotation within a block quotation. Notably, these block quotations do not discuss the applicability *vel non* of La.R.S. 15:703.

treatment prior to transporting him to the LPDC. Once at LPDC, however, Plaintiff has not named any individual, medical staff or otherwise, that denied him care.

## VI. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that motions to dismiss filed by the Parish of Livingston and the Town of Livingston Parish (Docs. 14, 21) are **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Parish of Livingston and the Town of Livingston Parish arising from the conduct of Officer Reeves are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff file an amended complaint **within seven days** of the issuance of this Ruling and Order that names as a defendant *either* the Town of Livingston Parish *or* the Parish of Livingston. Alternatively, Plaintiff shall file a brief not to exceed five pages that explains (1) why he did not address the Parish's assertion that it was improperly named, and (2) whether he intended to name the Parish or the Town as a defendant.

Baton Rouge, Louisiana, this 29th day of July, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**