UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUSTIN ABBOTT

VERSUS

TOWN OF LIVINGSTON, ET AL.

CIVIL ACTION

NO.: 16-00188-BAJ-EWD

RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 69)** filed by Defendant, Jason Ard, Sheriff of Livingston Parish ("Sheriff Ard"). Sheriff Ard seeks the dismissal of claims brought by Plaintiff, Justin Abbott under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff filed an Opposition. (Doc. 70). Sheriff Ard filed a Reply. (Doc. 73). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Oral argument is not necessary. For the following reasons, the **Motion to Dismiss (Doc. 69)** filed by Sheriff Ard is **GRANTED**.

I. BACKGROUND

This matter arises from the arrest and subsequent detention of Plaintiff on September 30, 2015. (Doc. 63 at ¶ 3). Plaintiff alleges that he was unlawfully arrested without probable cause by Defendant, Officer Brian Reeves ("Officer Reeves") of the Livingston Parish Sheriff's Office. (Id. at ¶ 4). At the time of his arrest, Plaintiff alleges that Officer Reeves was aware that he had an "obvious bite mark on his leg."[1]

---

[1] Neither party has provided facts regarding the circumstances surrounding the "bite mark," nor have the parties provided information regarding the reason for Plaintiff's arrest.

1

*(Id.* at ¶ 5). After his arrest, Plaintiff alleges that Officer Reeves transported him to the Livingston Parish Detention Center ("LPDC"). *(Id.* at ¶ 9). Plaintiff alleges that Officer Reeves acted unlawfully by refusing to allow him to receive medical assistance for his bite wound prior to transporting him to the LPDC. *(Id.* at ¶ 7). Once he arrived at the LPDC, Plaintiff asserts that he informed Defendant, Misha McNabb ("McNabb"), the "Nurse Administrator" of LPDC, that he "was in dire need of medical attention due to a bite wound on his leg." *(Id.* at ¶ 10). Plaintiff further claims that Defendant, Cheryl Smith ("Smith"), the "Medical Administrator" of LPDC, denied multiple requests for medical treatment during his period of confinement, which lasted from September 30, 2015 through October 6, 2015. *(Id.* at ¶¶ 14–15).

As a consequence of his inability to receive timely medical treatment, Plaintiff alleges that his bite wound developed into a severe infection. *(Id.* at ¶ 17). Ultimately, Plaintiff claims that he developed a methicillin-resistant staphylococcus aureus ("MRSA") infection in his leg at the site of his bite wound, which left "an enormous hole . . . in his leg." *(Id.* at ¶¶ 54, 56). Plaintiff alleges that he was hospitalized for "over seven days" upon his release from prison to treat this infection. *(Id.* at ¶ 55).

On March 21, 2016, Plaintiff filed this lawsuit against, *inter alios*, Sheriff Ard in both his official and individual capacities, on the grounds that he may be liable under 42 U.S.C. § 1983 for the actions of his deputy, Officer Reeves.[2] (Docs. 1, 63). In

---

[2] Plaintiff filed his First Amended Complaint (Doc. 38) on August 05, 2016, to comply with the Court's Order (Doc. 37) and to clarify that it was the "Parish of Livingston," rather than, the "Town of Livingston Parish" that he intended to sue. Subsequently, Plaintiff was granted leave to file his Second Amended Complaint, which is the operative complaint for the instant motion to dismiss. (Doc. 62). The Second Amended Complaint sought to properly identify "Nurse M.M." as "Misha McNabb." (Doc. 63 at ¶ 2(E)).

addition, Plaintiff asserts state law claims against Sheriff Ard for vicarious liability, false arrest and false imprisonment, and negligence in failing to properly train and supervise his officers.[3] (Doc. 63 at ¶¶ 48–51).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable

---

[3] Sheriff Ard notes in his memorandum in support, that his Motion to Dismiss does not seek dismissal of any Louisiana state law claims for vicarious liability; however, he seeks dismissal of all other claims against him. (Doc. 69-1 at p. 4).

to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

III. DISCUSSION

A. Plaintiff's § 1983 Official Capacity Claims

"Although municipalities [and government officials] cannot be held liable under section 1983 by virtue of the doctrine of respondeat superior, they are subject to such liability where official custom or policy is involved in the injury." *O'Quinn v. Manuel*, 773 F.2d 605, 608 (5th Cir. 1985) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985)); *see also Monell v. Dep't. of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978). Specifically, municipal liability under § 1983 "requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (internal quotation marks omitted). The policymaker must have actual or constructive knowledge of the official policy or custom. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

*1. Sheriff Ard In His Official Capacity*

Municipal officials, such as Sherriff Ard, may be held liable in their official capacity under § 1983. As stated above, a plaintiff must demonstrate that the defendant is a policymaker who has actual or constructive knowledge of an official policy or custom, and that there was a violation of constitutional rights whose moving force is the policy or custom. *Pineda*, 291 F.3d at 328 (citing *Piotrowski*, 237 F.3d at 578). Sheriff Ard argues that Plaintiff has not identified an official policy, which was

4

the moving force behind any constitutional violation in this case. (Doc. 69-1 at p. 8). Sheriff Ard asserts that Plaintiff merely makes conclusory allegations of practices or customs. (*Id.*). Plaintiff argues that his complaint "contains enough factual matter to raise a reasonable hope or expectation that discovery will revel relevant evidence that Sheriff Ard established a custom or tolerance or acquiescence of federal rights violations." (Doc. 70 at p. 4–6).

Turning to the first element, "a policymaker" is an official who has final policy making decision power. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). It is undisputed that Sheriff Ard is considered a "final policymaker" under Louisiana law. *See Craig v. St. Martin Parish Sheriff*, 861 F.Supp. 1290, 1301 (W.D. La. 1994); La. Const. art. 5, § 27 ("[The sheriff] shall be the chief law enforcement officer in the parish.").

However, under the second element, Plaintiff must demonstrate that the unconstitutional conduct arises from a specific policy or custom and that the policymaker had actual or constructive knowledge of the official policy or custom. A policy is normally an official statement, ordinance, or regulation, but in certain circumstances a persistent, widespread practice that is so commonplace as to constitute a custom can also be treated as policy. *See Piotrowski*, 237 F.3d at 579.

Here, because Plaintiff does not claim the existence of a specific or written policy, Plaintiff must demonstrate that the alleged patterns and practices were so widespread and persistent as to constitute a custom. The Court finds that Plaintiff has not alleged facts sufficient to raise a plausible inference that the purported

violations of Plaintiff's constitutional rights amounted to a custom or practice. For instance, Plaintiff has alleged that Sheriff Ard "established a custom of tolerance or acquiescence of federal rights violations because Sheriff [Ard] failed to demote, fire, and/or suspend Officer [Reeves] for falsely arresting [Plaintiff] and also failing to allow [Plaintiff] to receive timely medical assistance prior to entering the [LPDC]." (Doc. 63 at ¶ 26). Plaintiff further alleges that Sheriff Ard was "aware of several prior instances of police officers in [his] employ illegally and unlawfully violating the constitutional rights of its citizens." (*Id.* at ¶ 25).

Plaintiff must present the specific facts of these "several prior instances" and the specific facts regarding the alleged "custom of tolerance or acquiescence" in violating the constitutional rights of other individuals. It is not enough to plead that there exists a custom or practice, and only discuss the incident between Plaintiff and Officer Reeves. Plaintiff must show other alleged acquiescence or approval of unconstitutional conduct by Sheriff Ard. Otherwise, the Court cannot infer that a persistent, widespread practice exists simply because Plaintiff claims to have been falsely arrested and denied medical care in this isolated incident. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ("Allegations of an isolated incident are not sufficient to show the existence of a custom or policy."). Therefore, Plaintiff has not pleaded a plausible claim for unconstitutional polices or practices. Accordingly, the Court finds that Plaintiff has not adequately alleged a *Monell* claim against Sheriff Ard.

### *2. Liability under § 1983 for Failure to Supervise*

Plaintiff alleges that Sheriff Ard is liable in his individual and official capacities, both under federal law and state law, for failure to supervise and train Officer Reeves. (Doc. 63 at ¶¶ 43, 51). Specifically, Plaintiff alleges that it was the "policy, custom, and practice" of Sheriff Ard to inadequately and improperly train and supervise his employees regarding, *inter alia*, proper police procedure, proper procedures for the appropriate use of excessive force, and proper training techniques for the moving of an individual from one place to another by an officer. (*Id.* at ¶ 43). Plaintiff further alleges that "the inadequate training and supervision was known to Sheriff [Ard] previous to the actions taken by Officer [Reeves] against the [Plaintiff]." (*Id.* at ¶ 44). However, Sheriff Ard contends that Plaintiff has failed to allege facts to show any wrongful conduct by Sheriff Ard in his role as supervisor in this case. (Doc. 69-1 at p. 17).

When alleging a failure to train or supervise, Plaintiff "must show that '(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'" *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008) (quoting *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). In all but the most exceptional of circumstances, a failure-to-train claim requires a pattern of similar occurrences. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Plaintiff's claims for failure to train or supervise must fail. Plaintiff does not specify how Officer Reeves' training was inadequate. Plaintiff has failed to allege facts to show that Sheriff Ard failed to supervise his employees. In addition, Plaintiff does not allege any foundational facts from which it can be plausibly inferred that Sheriff Ard provided inadequate training or supervision, or that he was aware that current training practices were likely to result in a constitutional violation. The list provided in paragraph 43 of the complaint does not indicate knowledge nor a pattern of inadequate training or supervision of sheriff's deputies. (Doc. 63 at ¶ 43). Furthermore, Plaintiff does not allege any facts to show that any failure to supervise Officer Reeves or any other sheriff's deputies by Sheriff Ard was the cause of his unlawful arrest, or the cause of his leg being left untreated through the alleged denial of medical health treatment. Without more specific allegations regarding the behavior of Sheriff Ard's subordinates, the treatment of other individuals, or the training policies in place, the Court cannot simply assume that Officer Reeves was inadequately trained. Accordingly, Plaintiff's federal law claims of failure to train and supervise are DISMISSED.

### B. Plaintiff's § 1983 Individual Capacity Claims

A plaintiff suing governmental officials in their individual capacities, must allege specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). A plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676. Vicarious liability is inapplicable to § 1983

actions. *Id.* In other words, to state a claim for relief, "[a] plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Texas Collin Cty.*, 535 F.3d 365, 373 (5th Cir.2008) (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir.1999)). A supervisor is not personally liable for his subordinate's actions in which he had no involvement. *Id.* Furthermore, "[a] custom or policy authorizing or encouraging police misconduct 'cannot be inferred from a municipality's isolated decision not to discipline a single officer for a single incident of illegality.'" *Fraire*, 957 F.2d at 1278–79 (citing *Berry v. McLemore*, 670 F.2d 30, 33 (5th Cir.1982)).

Qualified immunity also shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome a qualified immunity defense, a plaintiff must allege a violation of a constitutional right and show that "the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow*, 457 U.S. at 818). And yet, "[e]ven if the government official's conduct violates a clearly established right, the official is entitled to immunity if his conduct was objectively reasonable." *Davis v. McKinney*, 518 F.3d 304, 317 (5th Cir. 2008). It is well-established within the Fifth Circuit that "[w]hen a defendant invokes qualified immunity, the burden is on the plaintiff to

demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

### *1. Sheriff Ard In His Individual Capacity*

Sheriff Ard contends that Plaintiff does not allege specific facts of any personal involvement by Sheriff Ard in the alleged false arrest or inadequate medical treatment claims. (Doc. 69-1 at p. 14). Plaintiff argues that "Sheriff Ard personally condoned the unconstitutional behavior of Officer [Reeves] because Officer [Reeves] was not demoted, fired, and/or reprimanded for his unconstitutional actions," and that "Sheriff Ard's wrongful actions were causally connected to the constitutional deprivation." (Doc. 70 at p. 6). The Court finds that the only fact alleged in the complaint regarding Sheriff Ard's involvement in Plaintiff's alleged unlawful arrest and denial of medical treatment is that Sheriff Ard failed to demote, fire, or suspend Officer Reeves for falsely arresting Plaintiff, and that his failure to act constituted deliberate indifference. (Doc. 63 at ¶ 26). However, Sheriff Ard cannot be personally liable for his subordinate's actions in which he had no involvement, nor can he be personally liabile for an isolated decision not to discipline Officer Reeves for a single incident of illegality.

Further, Plaintiff does not allege that Sheriff Ard was in any way involved in his arrest or was even on the scene during his arrest. Additionally, Plaintiff failed to make any factual allegation that Sheriff Ard was personally involved in denying medical health care to Plaintiff for the bite wound, or was even aware of any alleged deficiencies in the provision of medical care to Plaintiff. Thus, Plaintiff has not

plausibly pleaded that Sheriff Ard was personally involved or had knowledge of the alleged violations. Therefore, at this stage, Plaintiff's allegations are insufficient to defeat Sheriff Ard's defense of qualified immunity as to Plaintiff's individual capacity claims. Accordingly, Sheriff Ard's motion to dismiss the individual capacity claim asserted is GRANTED

### 2. *Liability under § 1983 for Failure to Supervise*

The Court previously determined that Plaintiff's failure to supervise claim against Sheriff Ard, in his official capacity, be dismissed. As previously noted in the Court's ruling on the official capacity claim asserted against Sheriff Ard, Plaintiff does not allege any foundational facts from which it can be plausibly inferred that Sheriff Ard provided inadequate training or supervision, or that they he was aware that current training practices were likely to result in a constitutional violation. Further, Sheriff Ard is entitled to the defense of qualified immunity on the individual capacity claims for failure to supervise because Plaintiff has not plausibly pleaded that his alleged failure to train or supervise was objectively unreasonable in light of the requirement not to be deliberately indifferent to Plaintiff's rights. Therefore, Sheriff Ard's motion to dismiss the individual capacity claim is GRANTED.

### C. Liability under State Law for Failure to Train/Supervise

Plaintiff alleges that Sheriff Ard is liable under Louisiana state law "for his negligence in failing to properly train and supervise officers of the Livingston Parish Sheriff's Office." (Doc. 63 at p. 51). Sheriff Ard argues that Plaintiff's state law claims must be dismissed because he is entitled to "policymaking or discretionary acts"

11

immunity on these claims, under La. Rev. Stat. Ann. § 9:2798.1.[4] (Doc. 69-1 at p. 17). Plaintiff asserts that discretionary function immunity is not available at the motion to dismiss stage, rather such immunity must be decided at the summary judgment stage in the proceeding after ample discovery on the issue. (Doc. 70 at p. 9).

The Court agrees. Discretionary function immunity is not available to a sheriff as an affirmative defense at the motion to dismiss stage because it is a fact-intensive question. *See e.g., Bouchereau v. Gautreaux*, 2015 WL 5321285, at *15 (M.D. La. Sept. 11, 2015); *Lee v. Ard*, 2017 WL 5349493, at *12 (M.D. La. Nov. 13, 2017); *O'Quin v. Gautreaux*, 2015 WL 1478194, at *11–12 (M.D. La. Mar. 31, 2015). *See also Lambert v. Riverboat Gaming Enforcement Div.*, 96–1856 (La.App. 1 Cir 12/29/97); 706 So.2d 172, 177–78 (the court was "unable to determine through the exception of no cause of action whether the defense [would apply]. Even where discretion is involved, the court must determine whether the discretionary act is the kind which is 'grounded in social, economic or political policy,' a question of fact to be determined through a trial.").

Furthermore, "[i]t is appropriate for a court to grant a party discretionary function immunity if it decides on a summary judgment motion that there is no dispute concerning a matter of fact such as whether a government official's decision was "grounded in 'social, economic, or political policy.'" *O'Quin*, 2015 WL 1478194 at *12 (quoting *Johnson v. Orleans Parish Sch. Bd.*, 2006–1223 (La.App. 4 Cir. 1/30/08); 975 So.2d 698, 709). Thus, it is not appropriate for a court to do so at the motion to

---

[4] Pursuant to La. Rev. Stat. Ann. § 9:2798.1, "[l]iability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties."

12

dismiss stage. Nonetheless, having found that Plaintiff has not properly pleaded facts sufficient to allege a failure to supervise and train, the Court must grant Sheriff Ard's motion to dismiss the state law claims at this stage of the litigation.[5]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 69)** filed by Sheriff Ard is **GRANTED**. All claims brought by Plaintiff, Justin Abbott against Defendant, Sheriff Jason Ard, with the exception of those claims for Sheriff Ard's vicarious liability arising under Louisiana state law, are hereby **DISMISSED**.

Baton Rouge, Louisiana, this 26th day of February, 2018.

*[signature]*

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[5] The Court notes that Sheriff Ard does not seek a dismissal of the state law vicarious liability claims brought against him. (Doc. 69-1 at p. 1, n.1). However, Plaintiff alleges state law claims of false arrest and false imprisonment against Sheriff Ard, as well as additional claims for negligent and intentional infliction of emotional distress, cruel treatment, and malicious prosecution. (Doc. 63 at ¶ 52). However, Plaintiff does not specify against whom such claims are being brought. The only state law claims addressed by either party are those for failure to train and supervise. As such, the Court will defer judgment on these claims pending adequate briefing.

13